UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                     Plaintiff,<br><br>v.<br><br>OAKLAND SUTTER HOTEL, L.P., a California Limited Partnership; TEN OAKS, INC., a California Corporation; and DOES 1-10,<br><br>                     Defendants. | Case No.: 18cv947-GPC(BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S CLAIMS FOR RELIEF**<br><br>**[Dkt. No. 18.]** |

Plaintiff filed a second motion for default judgment on September 20, 2019. (Dkt. No. 18.) No opposition has been filed. Based on the reasoning below, the Court GRANTS Plaintiff's motion for default judgment, and GRANTS in part and DENIES in part Plaintiff's claims for relief.

**Background**

On May 15, 2018, Plaintiff Scott Schutza ("Plaintiff") filed a complaint against Defendants Oakland Sutter Hotel, LP and Ten Oaks, Inc. ("Defendants") for violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil

1

Rights Act ("Unruh Act"). (Dkt. No. 1, Compl.) Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. (*Id.* ¶ 1.) Defendants own the property located at 7520 and 7550 El Cajon Blvd., La Mesa California in February 2018 and currently. (*Id.* ¶¶ 2, 3.) Plaintiff went to Defendants' property to eat at Cilantro Taco Shop and Yum Yum Donuts in February 2018. (*Id.* ¶ 8.) Even though there are parking spaces marked and reserved for persons with disabilities in the parking lot where Cilantro Taco Shop and Yum Yum Donuts are situated, all the parking stalls and access aisles reserved for persons with disabilities were not level with each other, having slopes greater than the required 2.1%. (*Id.* ¶¶ 11, 12.) Moreover, while there is a parking stall reserved for persons with disabilities in front of Yum Yum Donuts, there is no compliant access aisle that accompanies the parking stall. (*Id.* ¶ 13.) The complaint alleges that the parking stalls and access aisles are not level and contain inaccessible slopes. (*Id.* ¶ 15.) He also claims that there are insufficient number of accessible parking spaces. (*Id.* ¶ 31.) According to the applicable standards, one in six or eight accessible parking spaces must be van accessible. (*Id.*) Plaintiff claims he has been deterred from returning to patronize Cilantro Taco Shop and Yum Yum Donuts because of the barriers that exist and will return once the barriers are removed. (*Id.* ¶ 25.) Plaintiff seeks injunctive relief under the ADA and Unruh Act, statutory damages of $4,000 under the Unruh Act, and reasonable attorneys' fees and costs under the ADA and Unruh Act. (*Id.* at 8.[1])

      Because Defendants did not respond to the complaint, on September 26, 2018, Plaintiff sought entry of default against both Defendants which was granted on September 28, 2018. (Dkt. Nos. 8, 9, 10.) On August 22, 2019, the Court denied Plaintiff's motion for default judgment as it was not clear whether Defendants are the owners of the property at issue and the Court questioned the sufficiency of the service of

---

[1] Page numbers are based on the CM/ECF pagination.

process on them. (Dkt. Nos. 12, 16.) On September 20, 2018, Plaintiff filed a second motion for default judgment. (Dkt. No. 18.) No opposition has been filed.

**Discussion**

In its prior order, the Court questioned whether Oakland Sutter Hotel, LP and Ten Oaks, Inc. owned the property located at 7520 and 7550 El Cajon Blvd., La Mesa, California. In its second motion, Plaintiff presents a grant deed, dated November 22, 2017, where Oakland Sutter Hotel, LP is the grantee of the property at issue. (Dkt. No. 18-7, Ex. 5 at 3.) Ten Oaks, Inc. is the general partner of Oakland Sutter Hotel, LP. (Id. at 6.) Oakland Sutter Hotel LP has now changed its name to Five Hills, LLP. (Id. at 7.) Plaintiff explains that even though each business is on the same strip-mall, each business has a different street address; however, the entire property, Parcel Number 469-160-18-00 is recorded with the address of 7520 El Cajon Blvd., La Mesa, which includes both businesses. (Id. at 6.) The Court is satisfied that Defendant Oakland Sutter Hotel LP and the general partner, Ten Oaks, Inc., now Five Hills, LLP are owners of the property where the businesses are located.

Next, the proofs of service of the complaint and summons indicate that the process server made two attempts at unsuccessful personal service, and at the third attempt, the process server personally served "Kaliko McPadden who identified herself as UPS Store Clerk. P Female, 23 Years Old, Brown Hair, Black Eyes, 5'6", 165 Pounds." (Dkt. No. 6 at 3; Dkt. No. 7 at 3.)

In California, in lieu of unsuccessful attempts at personal service, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail . . ." or "a summons may be served by leaving a copy of the

summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(a) & (b).

Plaintiff cites to *Hearn v. Howard*, 177 Cal. App. 4th 1193 (2009) to argue that he properly served the UPS store clerk. In *Hearn*, the plaintiff attempted to personally serve the defendant at the business address on her letterhead and the address reported by the California State Bar on three separate occasions on three separate days. Id. at 1202. The business address was a private post office box rental store. Id. On the third attempt, the process service left the documents with the mail store clerk and mailed the documents to the same address by first class, postage prepaid mail. Id. The court of appeal held that the "purpose of section 415.20 was achieved by service on the clerk at the post office box store where appellant rented a post office box." Id. at 1202-03 (noting it did not matter that mail store clerk was not a manager and store clerk did not have to confirm or deny whether the appellant rented a post office box at that location).

Here, Defendant Oakland Sutter Hotel, LP lists Raj Singh as the registered agent for service of process with a service address as 1547 Palos Verdes Mall, #224, Walnut Creek, CA 94547. (Dkt. No. 18-7, Ex. 5 at 7.) The address is a private post office rental box. Because personal service was attempted three times, substitute service was appropriate on the store clerk and sufficient for substituted service. *See Hearn*, 177 Cal.

4

18cv947-GPC(BGS)

App. 4th at 1202-03. Plaintiff additionally mailed the served documents to Ten Oaks, Inc. and Oakland Sutter Hotel, LP. (Dkt. No. 6 at 4-5; Dkt. No. 7 at 4-5.)

Because Plaintiff has demonstrated that Defendants are the owners of the property at issue and service of process was proper, the Court now looks at the merits of the motion for default judgment.

**I.     Motion for Default Judgment**

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Plaintiff filed a request for entry of default and default was entered on September 28, 2018. (Dkt. Nos. 8, 9, 10.) After default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

The Ninth Circuit looks to seven factors to assist the court in determining whether default judgment is appropriate. The seven factors are:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of the plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and;
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977); see Fed. R. Civ. P. 8(b)(6). The decision to grant or deny default judgment is within the discretion of the district court. Eitel, 782 F.2d at 1471.

/ / /

## A. Prejudice to the Plaintiff

Under the first factor, the Court must examine whether Plaintiff will be prejudiced if the Court denies default judgment. *See Eitel*, 782 F.2d at 1471. Since default judgment is the only means to compensate Plaintiff, denial of his request for default judgment will effectively immunize Defendants from liability and leave Plaintiff without redress. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (plaintiff will suffer prejudice as ADA plaintiff will be without recourse against the defendant); *Amini Innovation Corp. v. KITY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (finding prejudice to plaintiff where "a default judgment is the only means available for compensating [p]laintiff for [d]efendants' violations"); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012) (same). Plaintiff, as a disabled person, contends he will suffer prejudice if default is not entered as he will be without recourse. Because failure to enter default judgment for Plaintiff would be prejudicial, this factor weighs in favor of default judgment.

## B. Merits and Sufficiency of the Complaint

Under the second and third factors, the Court must examine the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. These factors "require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *Pepsico, Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (suggesting that the issue is whether the allegations in the complaint state a claim upon which plaintiff can recover)).

Plaintiff alleges violations of the ADA, 42 U.S.C. § 12101 *et seq.;* and the Unruh Act, California Civil Code section 51-53.

Congress passed the ADA, 42 U.S.C. § 12101 *et seq.,* in 1990 "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals

6

18cv947-GPC(BGS)

with disabilities." 42 U.S.C. § 12101(b)(2). Title III of the ADA prohibits discrimination by public accommodations. 42 U.S.C. § 12182(a). One form of discrimination prohibited by the ADA includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel*, 992 F. Supp. 2d at 1008 (citation and internal quotations omitted).

On the first factor, Plaintiff alleges and declares that he is a paraplegic and uses a wheelchair for mobility. (Dkt. No. 1, Compl. ¶ 1; Dkt. No. 18-4, Ex. 2, Schutza Decl. ¶ 2.) The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Major life activities as defined by the ADA include walking and standing. *Id.* § 12102(2). Plaintiff has sufficiently alleged he is disabled within the meaning of the ADA.

Second, Plaintiff complains that "Cilantro Taco Shop and Yum Yum Donuts are facilities open to the public, places of public accommodation, and business establishments." (Dkt. No. 1, Compl. ¶ 9.) Because eating and drinking establishments

7

18cv947-GPC(BGS)

are places of public accommodation, the second factor is satisfied. *See* 42 U.S.C. § 12181(7)(B).

Next, Plaintiff must demonstrate that the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA and that removal of the barrier is readily achievable. *See Vogel*, 992 F. Supp. 2d at 1008.

To determine if a facility is readily accessible is determined by regulations promulgated by the Department of Justice entitled American with Disabilities Act Accessibility Guidelines ("ADAAG"). Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). "The ADAAG provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodation." Id. "There are two versions of these standards, one published in 1991 and one in 2010. 28 C.F.R. pt. 36, app. D ("1991 Standards"); Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 75 Fed. Reg. 56236–01, 56250 (Sept. 15, 2010) (codified in 28 C.F.R. pt. 36) ("2010 Standards")." *Dodson v. Joseph Esperanca, Jr., LLC*, No. 12cv2132-TLN-EFB, 2013 WL 6328274, at *2 (E.D. Cal. Dec. 4, 2013). "For facilities in existence prior to March 15, 2012, compliance with either set of Standards insulates a defendant from liability." *Id.* (citing 28 C.F.R § 36.304(d)(2)(i) ("Elements that have not been altered in existing facilities on or after March 15, 2012 and that comply with . . . the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards.")).

Plaintiff contends that the parking spaces and access aisles are not level. (Dkt. No. 1, Compl. ¶ 29.) The 1991 and 2010 ADAAG require disabled parking spaces and access aisles to be level with surface slopes not exceeding 2%. *See* 28 C.F.R. pt. 36, App. D, § 4.6.3 ("Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions."); 36 C.F.R. pt. 1191, app. D, § 502.4 ("Parking spaces and

8

access aisles serving them shall comply with 302. Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. EXCEPTION: Slopes not steeper than 1:48 [2.08%] shall be permitted.")

Here, Plaintiff's investigator determined that the accessible parking stall in front of Yum Yum Donut's had a slope that measured 12.2%. (Dkt. No. 18-5, Ex. 3, Louis Decl. ¶ 4.) The reserved parking space next to Cilantro Taco Shop had an access aisle but had visibly significant slopes running within the access aisle and stall. (Id. ¶ 5.) The reserved parking stall had a cross slope as high as 8% and the access aisle had a cross slope as high as 6.6%. (Id. ¶ 5.) Therefore, Plaintiff has shown that the accessible parking slopes do not comply with ADAAG.

Moreover, Plaintiff alleges that there is a lack of accessible parking in front of Yum Yum Donuts. (Dkt. No. 1, Compl. ¶¶ 31, 32.) Any business that provides parking spaces must provide a specified number of accessible parking spaces. The 1991 Standard requires that one in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight-foot access aisle. 28 C.F.R. Pt. 36, App. D, § 4.1.2(5). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 36 C.F.R. pt. 1191, App. B, § 208.2.4 ("For every six or fraction of six parking spaces required by 208.2 to comply with 502, at least one shall be a van parking space complying with 502."). Plaintiff's investigator counted 68 parking stalls in the parking lot and three were marked as reserved for person with disabilities. (Dkt. No. 18-5, Ex. 3, Louis Decl. ¶ 3.) The number of accessible parking spaces do not comply with the ADAAG.

Next, the issue of whether the removal of these barriers is "readily achievable" is an affirmative defense and is waived if not raised. *Wilson v. Haria and Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 n. 7 (E.D. Cal. 2007). Since Defendants have not appeared in this lawsuit to raise the affirmative defense, the defense is waived. *See id.* at 1134

9

("[D]efendant waived its ability to make this argument when it failed to plead that the barrier removal was not 'readily achievable' as an affirmative defense."). Accordingly, a plaintiff is not required to "come forward with any evidence regarding barrier removal." *Id.* at 1133 n.7. In sum, Plaintiff has sufficiently stated a claim for violations of Title III of the ADA.

The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability, medical condition . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f). Therefore, because Plaintiff has alleged a claim for violations of the ADA, he has also alleged a claim for violations of the Unruh Act.

The Court concludes that Plaintiff has sufficiently alleged violations of the ADA and the Unruh Act and satisfied the second and third factors under *Eitel*.

## C. Sum of Money at Stake

Having found Plaintiff's causes of action sufficiently pled, the Court examines the amount at stake in relation to the seriousness of Defendants' conduct. *See Eitel*, 782 F.2d at 1471-72; *Wecosign, Inc.*, 845 F. Supp. 2d at 1082. "Default judgment is disfavored where the same [sic] of money at stake is too large or unreasonable in light of defendant's actions." *J & J Sports Prods., Inc. v. Betancourt*, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009) (Sammartino, J.) (quoting *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (internal quotations omitted)).

Here, the Plaintiff seeks $9,442.50. (Dkt. No. 18-1 at 15.) He argues that courts typically grant default judgment in Unruh Act and ADA cases in these amounts. *See Vogel*, 992 F. Supp. 2d at 1012 (granting $13,739.20 in ADA case concluding that courts

10

frequently grant default judgment and impose similar financial liabilities on the defendant) (citing *Moore v. Cisneros*, No. 1:12–cv–00188 LJO SKO, 2012 WL 6523017, *4 (E.D. Cal. Dec. 13, 2012) (noting that an award of $10,119.70 on default judgment was "not a particularly large sum of money, nor does it appear unreasonable in light of Defendants' actions"); *Johnson v. Huynh*, No. CIV S–08–1189 JAM DAD, 2009 WL 2777021, *2 (E.D. Cal. Aug. 27, 2009) (holding that $12,000 was a "relatively small award of damages" in a default judgment case)). Thus, this factor supports default judgment. As to the injunctive relief Plaintiff seeks, "[a]lthough not a form of monetary recovery, [an] injunction will undoubtedly require that [defendant] spend money to remove the barriers." *Vogel*, 992 F.Supp.2d at 1012. But "the ADA limits this liability to removal of barriers that is readily achievable, and in this way caps a defendant's liability." *Id.* The Court finds that the sum of money and injunctive relief at issue are reasonably proportionate to the harm caused by defendant's actions.

**D.     Possibility of a Dispute Concerning Material Facts**

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts of the case. *Eitel*, 782 F.2d at 1471-72. "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc*, 845 F. Supp. 2d at 1082. Here, Plaintiff has set forth adequate allegations to support an ADA and Unruh Act violations. Defendants have not responded to the complaint or any of Plaintiff's filings. The Court finds that Defendants are unlikely to appear to contest this matter, and therefore, this factor favors entry of default judgment.

**E.     Whether the Default was Due to Excusable Neglect**

The sixth *Eitel* factor examines whether Defendants' failure to respond can be attributed to excusable neglect. *See Eitel*, 782 F.2d at 1472. This factor weighs in favor of entry of default judgment where the defendants were properly served. *Landstar*

11

18cv947-GPC(BGS)

*Ranger, Inc. v. Parth Enters., Inc*., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Plaintiff has served Defendants and filed summons returned executed on the complaint and also proof of service to show Defendants are aware of this litigation. (Dkt. Nos. 6, 7.) Defendants' failure to appear and litigate this matter, therefore, is not likely based on excusable neglect. This factor weighs in favor of default judgment.

**F.     The Policy of Decisions on the Merits**

The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment. *Eitel*, 782 F.2d at 1472. Generally, default judgments are disfavored, and a case should be decided on the merits when possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). However, where a defendant's failure to appear "makes a decision on the merits impracticable, if not impossible," entry of default judgment is warranted. *Pepsico, Inc.*, 238 F. Supp. 2d at 1177. As Defendants have failed to appear or respond in this matter, a decision on the merits is impossible. Accordingly, the Court is not precluded from entering default judgment against Defendants.

In assessing all the factors, the Court concludes that the *Eitel* factors weigh in favor of default judgment.

**G.     Relief Sought**

Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes*, 559 F.2d at 560; *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes,* 559 F.2d at 560. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, Plaintiff may submit declarations. *Philip Morris USA,*

*Inc.*, 219 F.R.D. at 498. "Plaintiff's burden in 'proving up' damages is relatively lenient." Id. Should default be entered, it is within the province of the court's power to use evidence or facts from the record to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly. *Pope v. United States*, 323 U.S. 1, 12 (1944).

### 1. Unruh Act Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000 as provided under the Unruh Act. The Unruh Act provides that a plaintiff is entitled to recover $4,000 for each occasion on which he was denied equal access. Cal. Civ. Code § 52(a). Here, Plaintiff has asserted he was denied access to the facilities at least once on February 6, 2018. (Dkt. No. 18-4, Ex. 2, Schutza's Decl. ¶¶ 5-7, 9.) Therefore, an award of $4,000 in statutory damages is appropriate.

### 2. Attorney's Fees and Costs

Plaintiff next requests attorneys' fees in the amount of $4,782.50 for 12.1 hours worked on this case and $660 in costs for a total of $5,422.50 under the ADA and Unruh Act. Under both the ADA and the Unruh Act, a prevailing plaintiff is entitled to an award of reasonable attorney's fees and costs. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).

The Ninth Circuit applies the lodestar approaching to determine whether the attorney's fees are reasonable in ADA cases. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010). Plaintiff seeks $4,782.50 for 12.1 hours worked on this case. (Dkt. No. 18-3, Ex. 1 at 9.)

#### a. Lodestar Calculations

##### i. Reasonable Hourly Rate

A reasonable hourly rate "is that prevailing in the community for similar work." *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008) (quoting *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000)). The relevant community is

13

18cv947-GPC(BGS)

usually the forum in which the district court sits. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (the lodestar looks to "the prevailing market rates in the relevant community."). Courts should consider factors such as "including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). Ordinarily, "[a]ffidavits of the [prevailing party's] attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "[D]eclarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). The moving party bears the burden of establishing the reasonableness of the hourly rates requested. *Id.*

Plaintiff's counsel submitted a declaration to support the attorneys' fee request. (Dkt. No. 18-3, Ex. 1, Price Decl.) Attorney Mark Potter has 25 years of experience practicing disability law and prosecuted over 2,000 disability cases and has a billing rate of $425 per hour. (*Id.* ¶ 7.) Attorney Russell Handy is also billed at $425 per hour and has been practicing disability litigation for 20 years and prosecuted over 1,000 disability cases. (*Id.* ¶ 8.) Attorney Phyl Grace has been practicing for over 24 years and focused exclusive on disability litigation for the past ten years and seeks $425 per hour. (*Id.* ¶ 9.) Attorney Christina Carson has practiced disability law for more than six years and requests $350 per hour. (*Id.* ¶ 10.) Finally, Attorney Dennis Price, who has prosecuted over 500 ADA case seeks a rate of $350 per hour. (*Id.* ¶ 11.) Without citing to specific cases, counsel represents that these rates have been granted in scores of federal court rulings granting default judgment. (*Id.* ¶¶ 7-11.)

However, the relevant community to determine reasonable hourly rates is the Southern District of California. Plaintiff does not support his attorneys' fees request with affidavits of other attorneys about prevailing fees in the community or rate determinations in other Southern District of California cases. As the Ninth Circuit stated, "[d]eclarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Camacho*, 523 F.3d at 980. Accordingly, because Plaintiff has failed to meet his burden to demonstrate the reasonable hourly rate, the Court DENIES Plaintiff's request of $4,782.50 in attorneys' fees.

Costs in this case includes the investigator fee of $200, filing fee of $400 and service costs of $60.00 for a total of $660.00. (Dkt. No. 18-3, Ex. 1 at 8.) These are reasonable costs and the Court GRANTS Plaintiff's request for costs.

### 3. Injunctive Relief

Plaintiff also seeks injunctive relief compelling Defendants "to provide compliant accessible parking spaces at the property located at 7520 and 7550 El Cajon Blvd., La Mesa, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines." (Dkt. No. 18-8, Proposed Judgment.)

Both the ADA and the Unruh Act expressly permit injunctive relief. 42 U.S.C. § 12188(a)(2); Cal. Civ. Code § 52.1(h). Where an ADA claim is predicated upon a violation of the ADA's accessibility provisions, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). "A plaintiff is not required to satisfy the other prerequisites generally needed for injunctive relief since '[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief.'" *Vogel*, 992 F. Supp. 2d at 1015 (quoting *Antoninetti*, 643 F.3d at 1175-76).

Plaintiff has sufficiently alleged architectural barriers that violate the ADAAG and provided evidence of the architectural barriers at issue. Accordingly, injunctive relief is appropriate.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion for default judgment, GRANTS Plaintiff's motion for statutory damages in the amount of $4,000 and costs in the amount of $660 for a total of $4,660.00 against Defendants Oakland Sutter Hotel, LP now known as Five Hills, L.P and Ten Oaks, Inc. Defendants must provide accessible parking spaces at the property located at 7520 and 7550 El Cajon Blvd., La Mesa, California in compliance with the Americans with Disabilities Act Accessibility Guidelines. The Court also DENIES Plaintiff's motion for attorney's fees. The hearing date set for November 22, 2019 shall be **vacated**.

IT IS SO ORDERED.

Dated: November 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge

cc:

Ten Oaks Inc.,
A California Corporation
1547 Palos Verdes Mall #224
Walnut Creek CA 94597

Oakland Sutter Hotel
A California Corporation
1547 Palos Verdes Mall #224
Walnut Creek CA 94597